# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
MAY 05, 2021 12:55 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2021000749

Wilson, Lindon

_____

**PLAINTIFF**

VS.

Horton Transportation LLC
Cherokee Insurance Company
Yother, Tyler

_____

**DEFENDANTS**

### SUMMONS

TO: HORTON TRANSPORTATION LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Adam Smith**
> **Fried Goldberg LLC**
> **3550 Lenox Road, N.E.**
> **Suite 1500**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of May, 2021.**

Clerk of State Court

_____

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**EXHIBIT**
**D-1**
tabbies®

Page 1 of 1

## STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2021000749**
**VAL**
**MAY 05, 2021 12:55 PM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER   STSV2021000749

Wilson, Lindon

_____

**PLAINTIFF**                          **VS.**

Horton Transportation LLC
Cherokee Insurance Company
Yother, Tyler

_____

**DEFENDANTS**

### SUMMONS

TO: CHEROKEE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Adam Smith**
> **Fried Goldberg LLC**
> **3550 Lenox Road, N.E.**
> **Suite 1500**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of May, 2021.**

Clerk of State Court

_____
*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

✉ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL

MAY 05, 2021 12:55 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2021000749

Wilson, Lindon

---

**PLAINTIFF**

                                                        VS.

Horton Transportation LLC
Cherokee Insurance Company
Yother, Tyler

---

**DEFENDANTS**

## SUMMONS

TO: YOTHER, TYLER

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Adam Smith**
> **Fried Goldberg LLC**
> **3550 Lenox Road, N.E.**
> **Suite 1500**
> **Atlanta, Georgia 30326**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 5th day of May, 2021.**

Clerk of State Court

*Lynne M. Policaro*

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

Page 1 of 1

✵ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
MAY 05, 2021 12:55 PM

*Lynne M. Polcaro*
Lynne M. Polcaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

LINDON WILSON,

*Plaintiff,*

vs.

HORTON TRANSPORTATION LLC,
CHEROKEE INSURANCE COMPANY,
and TYLER YOTHER,

*Defendants.*

CIVIL ACTION FILE
NO.: STSV2021000749

**JURY TRIAL DEMANDED.**

### COMPLAINT

**COMES NOW** Lindon Wilson, "Plaintiff," and makes and files this Complaint against

Defendants Horton Transportation LLC ("Horton"), Cherokee Insurance Company ("Cherokee")

and Tyler Yother ("Yother"), respectfully showing as follows:

### PARTIES AND JURISDICTION

**1.**

Plaintiff Lindon Wilson is a citizen and resident of the State of Georgia, and he is subject

to the jurisdiction of this Court.

**2.**

Defendant Horton is a Tennessee company that operates its vehicles in the State of

Georgia. Defendant Horton may be served through its registered agent, Daniel Joseph Turklay,

at 2120 Lebanon Pike, Apt. 42, Nashville, Tennessee 37210, and it is subject to the jurisdiction

of this Court.

**3.**

Defendant Cherokee is a foreign corporation existing under the laws of the State of

Michigan with a principal place of business located in Michigan. Defendant Cherokee may be served by delivering a copy of the Summons and Complaint to its registered agent, Mark J. Dadabbo, at 34200 Mound Road, Sterling Heights, Michigan 48310, and Defendant Cherokee is subject to the jurisdiction of this Court.

4.

Defendant Yother is a citizen and resident of the State of Tennessee and may be served with a copy of the Summons and Complaint at his home address of 314 Pike Street, Apt. 334, Athens, Tennessee 37303.

5.

As Defendant Cowart was a nonresident motorist, Defendant Horton was a motor carrier, Plaintiff is a resident of Henry County, Georgia, and the collision occurred in Henry County, Georgia, jurisdiction and venue are proper in this Court pursuant to both O.C.G.A. § 40-12-3 and O.C.G.A. § 40-1-117.

6.

Jurisdiction and venue are proper in this Court.

**BACKGROUND**

7.

This suit arises out of a motor vehicle collision that occurred on May 30, 2019 at approximately 3:19 p.m. on I-75 in Henry County, Georgia (hereinafter referred to as the "subject-collision").

8.

At the time of the subject-collision, Plaintiff was the driver of a vehicle heading northbound on I-75.

**9.**

Defendant Yother was the driver of a vehicle traveling northbound on I-75 directly behind Plaintiff's vehicle.

**10.**

Defendant Yother followed too closely in violation of O.C.G.A. § 40-6-49, failed to exercise due care, and collided with the rear of Plaintiff's vehicle.

**11.**

The force of the collision pushed Plaintiff's vehicle forward and caused the front of Plaintiff's vehicle to collide with the rear of another vehicle that was stopped in front of him.

**12.**

As result of the subject-collision, Plaintiff suffered severe and permanent injuries that required extensive treatment.

**<u>COUNT I – NEGLIGENCE</u>**

**13.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

**14.**

Defendant Yother owed a duty to exercise due care while operating his vehicle; to drive his vehicle in a safe and reasonable manner; to maintain a proper lookout; to pay attention and avoid driver distraction at all times.

**15.**

Defendant Yother breached those duties and, therefore, he was negligent in colliding with the rear of Plaintiff's vehicle.

**16.**

Defendant Yother's negligence is the sole and proximate cause of the subject-collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

**17.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

**18.**

At the time of the subject collision, Defendant Yother was under dispatch for Defendant Horton.

**19.**

At the time of the subject collision, Defendant Yother was operating his vehicle on behalf of Defendant Horton.

**20.**

Defendant Horton is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Yother in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

**21.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

**22.**

Defendant Horton was negligent in hiring Defendant Yother and entrusting him to drive a tractor-trailer.

**23.**

Defendant Horton was negligent in failing to properly train Defendant Yother.

**24.**

Defendant Horton was negligent in failing to properly supervise Defendant Yother.

**25.**

Defendant Horton's negligence in hiring Defendant Yother and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – DIRECT ACTION

**26.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

**27.**

Defendant Cherokee is subject to a direct action as the insurer for Defendant Horton pursuant to O.C.G.A. § 40-2-140.

**28.**

Defendant Cherokee was the insurer of Defendant Horton at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

**29.**

Defendants Horton and Cherokee are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

**30.**

Defendant Cherokee is responsible for any judgment rendered against Defendant Horton.

## COUNT V – DAMAGES

**31.**

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

**32.**

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries that required extensive treatment.

**33.**

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses in the amount of at least $125,508.60 and will continue to incur future medical expenses.

**34.**

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for past and future lost wages.

**35.**

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## COUNT VI – PUNITIVE DAMAGES

### 36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

### 37.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and, therefore, entitles Plaintiff to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that he has a trial on all issues and judgment against Defendants as follows:

   **(a)**   That Plaintiff recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

   **(b)**   That Plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

   **(c)**   That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

   **(d)**   That Plaintiff recover such other and further relief as is just and proper.

[signature on following page]:

This 5th day of May, 2021.

Respectfully Submitted,

**FRIED GOLDBERG LLC**


By: *Adam P. Smith*
      **MICHAEL L. GOLDBERG**
      Georgia Bar No. 299472
      **ERIC J.D. ROGERS**
      Georgia Bar No. 100081
      **ADAM P. SMITH**
      Georgia Bar No. 899334
      *Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, Ste. 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
michael@friedgoldberg.com
eric@friedgoldberg.com
adam@friedgoldberg.com


**MITCHELL E. MCGOUGH LAW LLC**


By: *Mitchell E. McGough*
      **MITCHELL E. MCGOUGH**
      Georgia Bar No. 460942
      *signed by APS w/ express permission
      *Attorney for Plaintiff*

945 E Paces Ferry Road NE
Suite 2250
Atlanta, GA 30326
(404) 994-4357 (office)
(404) 600-1287 (fax)
mitchell@mitchellmcgoughlaw.com

⬥ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL

MAY 05, 2021 12:55 PM

*Lynne M. Polizano*
Lynne M. Polizano, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

LINDON WILSON,

      *Plaintiff,*

vs.

                        CIVIL ACTION FILE
                        NO.: STSV2021000749

HORTON TRANSPORTATION LLC,
CHEROKEE INSURANCE COMPANY,
and TYLER YOTHER,

      *Defendants.*

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

**TO:**   Defendants, by and through counsel of record.

Plaintiff, pursuant to O.C.G.A. § 9-11-36, submits herewith to the above-named Defendants for response within Forty-Five (45) days after service hereof, in the form provided by law, the following requests for admission:

**1.**

Admit that you have been properly served with the Summons and Complaint.

**2.**

Admit that you are subject to the personal jurisdiction of this Court.

**3.**

Admit that you are properly named in the Complaint.

**4.**

Admit that Venue is proper in this Court.

**5.**

Admit that you are 100% responsible for causing the subject motor vehicle collision.

**6.**

Admit that you are partially responsible for causing the subject motor vehicle collision.

**7.**

Admit that Plaintiff did not cause or contribute to causing the motor vehicle collision.

**8.**

Admit that there is no non-party who caused or contributed to causing the motor vehicle collision.

**9.**

Admit that Plaintiff was injured as a result of the subject motor vehicle collision.

**10.**

Admit that Plaintiff incurred medical expenses in the amount of at least $125,508.60 as a result of the subject motor vehicle collision.


***SERVED WITH COMPLAINT***

This 5th day of May, 2021.


*[Signature Appears on Following Page]*

Respectfully Submitted,

**FRIED GOLDBERG LLC**


By: *Adam P. Smith*
    **MICHAEL L. GOLDBERG**
    Georgia Bar No. 299472
    **ERIC J.D. ROGERS**
    Georgia Bar No. 100081
    **ADAM P. SMITH**
    Georgia Bar No. 899334
    *Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, Ste. 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
michael@friedgoldberg.com
eric@friedgoldberg.com
adam@friedgoldberg.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
MAY 05, 2021 12:55 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

LINDON WILSON,

       *Plaintiff,*

vs.

HORTON TRANSPORTATION LLC,
CHEROKEE INSURANCE COMPANY,
and TYLER YOTHER,

       *Defendants.*

CIVIL ACTION FILE
NO.: STSV2021000749

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:    Defendants by and through their counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Tyler Yother on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) by Defendant Tyler Yother from thirty days prior to the subject collision to thirty days subsequent to the collision.

3.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any lease, contract, or other agreement regarding the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Tyler Yother on the day of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

4.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of the bill of sale, title, and any other documents relating to the ownership of the tractor and trailer driven (including container or chassis, if applicable) by Defendant Tyler Yother on the date of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

5.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any lease, employment contract, or any other documents regarding the

employment status of Defendant Tyler Yother.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

6.

State the point of origin, destination and reason for the trip being made by the Defendant at the time of the incident referred to in the Complaint.

7.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, a copy of the bill of lading for any loads carried by Defendant Tyler Yother for the eight day period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

8.

In regard to the load being transported at the time of the collision by Defendant Tyler Yother, identify:

   (a)     Where the load originated;

   (b)     The contents thereof;

   (c)     The weight of said load;

   (d)     The final destination of the load; and

   (e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

9.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such

3

policy.

10.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

11.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, the policy of insurance identified in response to Interrogatory No. 9.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

12.

Do you contend that Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

13.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any trip reports or dispatch records in regard to Defendant Tyler Yother for the two week period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

14.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, a copy of all driver's logs or time cards for Defendant Tyler Yother for the six month period preceding the incident referred to in the complaint.  In lieu of this, you may attach copies

thereof to your answers to these interrogatories.

15.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of all weight tickets, check stubs, fuel receipts, invoices, hotel bills and other records for any expenses incurred by Defendant Tyler Yother for the six month period preceding the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

16.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of all daily, monthly, and annual inspection reports, and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Tyler Yother on the day of the incident referred to in the complaint for the one year period preceding this incident and the six month period following this incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of all maintenance records, repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Tyler Yother on the day of the incident referred to in the complaint for the one year period preceding this incident

and the six month period following this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

18.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, a copy of Defendant Tyler Yother's driver qualification file, including but not limited to:

(a)     Application for employment;

(b)     Copy of his CDL license;

(c)     Driver's certification of prior motor vehicle accidents;

(d)     Driver's certification of prior violations of motor vehicle laws;

(e)     Driver's prior employment history;

(f)     Carrier's inquiry into his driving record;

(g)     Carrier's inquiry into his employment record;

(h)     Documents regarding carrier's annual review of his driving record;

(i)     Response of each state agency to carrier's annual inquiry concerning his driving record;

(j)     Certification of driver's road test;

(k)     Medical examiners certificate;

(l)     Statement setting forth in detail any denial, revocation, or suspension of any license, permit or privilege to operate a motor vehicle;

(m)     Training certificates and training documents;

(n)     Drug testing records; and

6

(o)     Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

19.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Tyler Yother? If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed; and

(d)     The results of the test.

20.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of Defendant Tyler Yother. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

If post-accident testing was not performed on Defendant Tyler Yother, please state the reasons such testing did not occur.

22.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

23.

Forty-five (45) days after service hereof, you are requested to produce for inspection and

copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, a copy of any post-accident report.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

24.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, the accident register for Defendant for the one year period preceding the subject accident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any driver manuals, guidelines, rules or regulations issued to drivers by Defendant or kept by Defendant.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any reports, memoranda, notes, logs or other documents evidencing any complaints about Defendant Tyler Yother.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

27.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta,

Georgia 30326, copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by Defendant or kept by Defendant. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

28.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

29.

State the name, address, and telephone number for the President, Safety Director, Federal Safety Regulation Compliance Officer, and the Dispatcher for the trip which ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Tyler Yother.

30.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name which records information concerning the operation of the tractor.

31.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any printouts, records or documents produced by any device identified in response to the preceding interrogatory for the six month period prior to the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Describe the tractor operated by Defendant Tyler Yother at the time of the collision, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

33.

Has Defendant ever been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations?  If so, please state for each instance:

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation; and

(e)     The ultimate disposition of the charges.

34.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any document concerning any violation identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Has Defendant ever been disqualified or placed out-of-service?  If so, please state for each instance.

(a)     The dates of disqualification; and

(b)    The reason for the disqualification

36.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any document concerning any disqualification or out-of-service identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Identify the name and address of any repair facility which performed repairs or maintenance on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant Tyler Yother on the date of the incident referred to in the complaint for the one year period preceding the incident and six month period after the incident.

38.

State the extent of any training provided to Defendant Tyler Yother by this Defendant or any outside agency since the date of Defendant Tyler Yother's application for employment or the date he began driving for this Defendant, whichever came first.

39.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of any documents regarding any training received by Defendant Tyler Yother. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

40.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any permits or licenses regarding the tractor and trailer driven by Defendant Tyler Yother and the load transported by Defendant Tyler Yother at the time of the incident referred to in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

41.

Please explain the nature of the employment relationship between this Defendant and Defendant Tyler Yother (i.e., lease operator, company driver, temporary driver, etc.), including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

42.

With respect to Defendant Tyler Yother, please state the driver's mode of compensation.

43.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, the payroll information concerning said driver for the six (6) months prior to and the two (2) months subsequent to said collision and his pay check for the time period covering the date of the collision. (Plaintiff's counsel is not requesting copies of pay checks unless otherwise specified but requests the individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.). In lieu of this, you may attach copies thereof to your answers to these interrogatories.

44.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions, and motor vehicle records of drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

45.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Defendant Tyler Yother since the commencement of said driver's employment with this Defendant up and through the date of trial.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

46.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the subject collision which is made the basis of this lawsuit.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

47.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, all certificates of authority, filings, registrations, license, permits, or other related documents issued by or sent to any governmental entity in regard to this Defendant or this Defendant's operations.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

48.

Please identify all automobile accidents and moving violations for Defendant Tyler Yother prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

49.

Please state Defendant Tyler Yother's date of birth, social security number and driver's license number.

50.

Please identify the cell phone number and service provider for all cell phones owned, used or operated by Defendant Tyler Yother on the date of the incident.

51.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

52.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the plaintiff.

53.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

54.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, all such statements or reports. In lieu thereof, you may attach copies to your answers to these interrogatories.

55.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the Complaint, the vehicles or plaintiff? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

56.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

57.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

58.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any videotape, photograph, report, data, memoranda, handwritten notes, or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

59.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

60.

In regard to any document which has not been produced on grounds of privilege, please state the following:

(a)    The date each document was generated;

(b)    The person generating each document;

(c)    The present custodian of each document;

(d)    A description of each document.

61.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any medical records, videotapes, photographs, or other evidence concerning, referencing, or depicting plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

62.

Forty-five (45) days after service hereof, you are requested to produce for inspection and copying by the Plaintiff at the offices of Fried Goldberg LLC, 3550 Lenox Road, Suite 1500, Atlanta, Georgia 30326, any PSP report or similar report from the FMCSA on the defendant driver showing his prior accidents and inspection history.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

**SERVED WITH COMPLAINT**

This 5th day of May, 2021.

[<em>Signature Appears on Following Page</em>]

17

Respectfully Submitted,

**FRIED GOLDBERG LLC**


By: *Adam P. Smith*

    **MICHAEL L. GOLDBERG**
    Georgia Bar No. 299472
    **ERIC J.D. ROGERS**
    Georgia Bar No. 100081
    **ADAM P. SMITH**
    Georgia Bar No. 899334
    *Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, Ste. 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
michael@friedgoldberg.com
eric@friedgoldberg.com
adam@friedgoldberg.com

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
MAY 05, 2021 12:55 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

LINDON WILSON,

       *Plaintiff,*

vs.

       CIVIL ACTION FILE
       NO.: <u>STSV2021000749</u>

HORTON TRANSPORTATION LLC,
CHEROKEE INSURANCE COMPANY,
and TYLER YOTHER,

       *Defendants.*

### <u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS</u>

**TO:**   Defendants, by and through counsel of record.

Plaintiff, pursuant to O.C.G.A. § 9-11-36, submits herewith to the above-named Defendants for response within Forty-Five (45) days after service hereof, in the form provided by law, the following requests for admission:

**1.**

Admit that you have been properly served with the Summons and Complaint.

**2.**

Admit that you are subject to the personal jurisdiction of this Court.

**3.**

Admit that you are properly named in the Complaint.

**4.**

Admit that Venue is proper in this Court.

**5.**

Admit that you are 100% responsible for causing the subject motor vehicle collision.

**6.**

Admit that you are partially responsible for causing the subject motor vehicle collision.

**7.**

Admit that Plaintiff did not cause or contribute to causing the motor vehicle collision.

**8.**

Admit that there is no non-party who caused or contributed to causing the motor vehicle collision.

**9.**

Admit that Plaintiff was injured as a result of the subject motor vehicle collision.

**10.**

Admit that Plaintiff incurred medical expenses in the amount of at least $125,508.60 as a result of the subject motor vehicle collision.

*SERVED WITH COMPLAINT*

This 5th day of May, 2021.

*[Signature Appears on Following Page]*

2

Respectfully Submitted,

**FRIED GOLDBERG LLC**


By: *Adam P. Smith*
    **MICHAEL L. GOLDBERG**
    Georgia Bar No. 299472
    **ERIC J.D. ROGERS**
    Georgia Bar No. 100081
    **ADAM P. SMITH**
    Georgia Bar No. 899334
    *Attorneys for Plaintiff*

Three Alliance Center
3550 Lenox Road, Ste. 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
michael@friedgoldberg.com
eric@friedgoldberg.com
adam@friedgoldberg.com

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2021000749**
VAL
MAY 19, 2021 11:16 AM

STATE OF GEORGIA
**STATE COURT OF HENRY COUNTY, GEORGIA**
CIVIL DIVISION

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court

LINDON WILSON, *et al,*

Case No.:   **STSV2021000749** Henry County, Georgia

v.

HORTON TRANSPORTATION LLC, CHEROKEE INSURANCE
COMPANY, TYLER YOTHER, *et al,*

## AFFIDAVIT OF SERVICE
DEFENANT: Cherokee Insurance Company

        Being duly sworn on my oath, I GINA SHARBOWSKI declare that I am a citizen of the United States, over the age of eighteen and full time process server, authorized to serve process in this jurisdiction, and not a party to or interested in the proceedings of this action.   I received this process on 5-6-21, and that I personally served the following:  SUMMONS (date filed: 5-5-21);  COPMPLAINT WITH JURY TRIAL DEMANDED;  PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS;  PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS;  in regards to the above case, upon:

### CHEROKEE INSURANCE

as follows:
CORPORATE SERVICE:  by serving:  MARK J. DADABBO, R/A, *personally,*
*by identifying him and handing him the papers*

Sex: M  Age: 50's  Race: W/brn hair/bald

at:
*Complete Address of Service*
CORPORATE/BUSINESS Address:

**34200 Mound Road**

**Sterling Heights, Michigan 48310** .
MACOMB County, Michigan

*Day, Date, Time of service*

**Thurs.**   MAY 0 6 2021   @ 3:38pm

I declare under the penalties of perjury that the information
contained in this Affidavit of Service is true and correct.

*Gina Sharbowski*

**Gina Sharbowski**
Process Server

1221 Bowers Street, #103
Birmingham, Michigan 48012

Subscribed and Sworn to before me on   MAY 1 8 2021 .

*Wendy J Mont*

**Wendy L Mont**
Notary Public - State of Michigan
County of Genesee
My Commission Expires 3/30/2025
Acting in the County of Kunezsl

## AFFIDAVIT OF SERVICE

☙ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
**VAL**

MAY 21, 2021 10:04 AM
**State Court**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**State of Georgia**                    **County of Henry**

Case Number: STSV2021000749

Plaintiff:
**WILSON, LINDON**

vs.

Defendant:
**HORTON TRANSPORTATION LLC**
**CHEROKEE INSURANCE COMPANY**
**YOTHER, TYLER**

Received by FRIEDGOLDBERG on the 6th day of May, 2021 at 8:43 am to be served on **HORTON TRANSPORTATION LLC C/O REGISTERED AGENT DANEIL JOSEPH TURKLAY, 2120 LEBANON PIKE, APT 42, NASHVILLE, TN 37210.**

I, JAMES C BELLI, PI, being duly sworn, depose and say that on the **18th day of May, 2021** at **10:14 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS AND COMPLAINTPlf's First RFAs to DefsPlf's First Roggs & RPDs to Defs** with the date and hour of service endorsed thereon by me, to: **DANEIL JOSEPH TURKLAY as Registered Agent** at the address of: **2120 LEBANON PIKE, APT 42, NASHVILLE, TN 37210** on behalf of **HORTON TRANSPORTATION LLC**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
5/10/2021  5:03 pm  Attempted service at 2120 LEBANON PIKE, APT 42, NASHVILLE, TN  37210, No answer at the door, Notice / card left at the residence, No lights illuminated, No activity observed, No vehicles present

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 200, Hair: Black, Glasses: N

I CERTIFY THAT I AM OVER THE AGE OF 18 AND HAVE NO INTEREST IN THE ABOVE ACTION. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE'.

Subscribed and Sworn to before me on the 19th day of May, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**JAMES C BELLI, PI**
Process Server

**FRIEDGOLDBERG**
**3550 LENOX ROAD N.E.**
**SUITE 1500**
**ATLANTA, GA 30306**
**(404) 856-3675**

Our Job Serial Number: WGR-2021000211

BRITNEE KROVITZ-BELLI
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF RUTHERFORD
My Comm. Expires
March 26, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

**AFFIDAVIT OF SERVICE**

⊛ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2021000749

VAL
JUN 02, 2021 08:21 AM

Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

| Case:<br>STSV2021000749 | Court:<br>State Court | County:<br>Henry, GA | Job:<br>5648328 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Lindon Wilson | | Defendant / Respondent:<br>Horton Transportation LLC, Cherokee Insurance Company and Tyler Yother | |
| Received by:<br>Tennessee Court Services | | For:<br>Fried Goldberg LLC | |
| To be served upon:<br>Tyler Yother | | | |

I, Luke Brennan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Tyler Yother, Home: 314 Pike Street Apt. 334 , Athens, TN 37303

**Manner of Service:**  Substitute Service - Personal, May 25, 2021, 2:37 pm EDT

**Documents:**  Summons, Complaint, Plaintiff's First Requests for Admission to Defendants and Plaintiff's First Interrogatories and Request for Production of Documents to Defendants

**Additional Comments:**
1) Unsuccessful Attempt: May 10, 2021, 4:36 pm EDT at Home: 314 Pike Street Apt. 334 , Athens, TN 37303
I was able to speak with the subject Girlfriend Amanda Newman. She stated that he was at work and has late hours. The business card was left for him to call.

2) Unsuccessful Attempt: May 12, 2021, 1:49 pm EDT at Home: 314 Pike Street Apt. 334 , Athens, TN 37303
I spoke with the subject girlfriend again. She advised that her b/f is driving the truck to California and will not be back until the 25th or 26th of May. She also advised that he will able to call me when he gets back home.

3) Successful Attempt: May 25, 2021, 2:37 pm EDT at Home: 314 Pike Street Apt. 334 , Athens, TN 37303 received by Tyler Yother. Age: Early 20's; Ethnicity: Caucasian; Gender: Female; Weight: 230; Height: 5'3"; Hair: Black; Eyes: Blue; Relationship: Girlfriend; Substitute service accepted on Defendant's behalf by: Amanda Ner.

Luke Brennan                     6-01-2021
Luke Brennan                     Date

Tennessee Court Services
448 N Cedar Bluff Rd Suite 102
Knoxville, TN 37923
833-862-7827

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public                    My Commission Expires August 1, 2021
6/11/2021
Date                             Commission Expires

JOSEPH JACKSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
KNOX COUNTY

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
**VAL**
MAY 05, 2021 12:55 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

LINDON WILSON,

       *Plaintiff,*

vs.

HORTON TRANSPORTATION LLC,
CHEROKEE INSURANCE COMPANY,
and TYLER YOTHER,

       *Defendants.*

CIVIL ACTION FILE
NO.:  STSV2021000749

*Amanda Nen*
*Amanda Nen*
*Girlfriend*

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

TO:   Defendants by and through their counsel of record.

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to Defendants, for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and requests for production of documents, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto.

In responding, you are requested to answer fully and produce all documents available to you or in your possession or in the possession of any agent, insurer, investigator or attorney acting in your behalf.

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Tyler Yother on the date of the incident referred to in the Complaint and describe the nature of the interest.

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2021000749
VAL
JUN 07, 2021 05:23 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Co
Henry County, Geor

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LINDON WILSON,** | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § **CIVIL ACTION** |
| | § |
| **HORTON TRANSPORTATION LLC,** | § **FILE NO.: STSV2021000749** |
| **CHEROKEE INSURANCE COMPANY,** | § |
| **and TYLER YOTHER,** | § |
| | § |
| **Defendants.** | § |
| | § |

## DEFENDANT HORTON TRANSPORTATION LLC'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **HORTON TRANSPORTATION LLC**, a Defendant ("Defendant") in

the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's

Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from

this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged

to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in

any sum or manner whatsoever.

## FOURTH DEFENSE

Pending further investigation and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, apportionment, assumption of the risk and avoidance of the consequences.

## FIFTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## SIXTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A.§ 9-11-9(g).

## SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## NINTH DEFENSE

There is no clear and convincing evidence that either Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## TENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a negligent hiring claim upon which relief can be granted because Tyler Yother was not an employee of Horton Transportation LLC. *See New Star Realty, Inc. v. Jungang PRI USA, LLC*, 346 Ga. App. 548, 816 S.E.2d 501 (2018), *citing Finley v. Lehman*, 218 Ga. App. 789, 463 S.E.2d 709 (1995); *see also* O.C.G.A. §§ 34-7-20, 51-2-5.

## TWELFTH DEFENSE

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained in Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## **BACKGROUND**

7.

This Defendant can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE

13.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 12 of Plaintiff's Complaint as if those responses were set forth herein by reference.

14.

This Defendant can neither admit nor deny the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## COUNT II – IMPUTED LIABILITY

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

This Defendant admits upon information and belief the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits upon information and belief the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set forth herein by reference.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

## COUNT IV – DIRECT ACTION

26.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 25 of Plaintiff's Complaint as if those responses were set forth herein by reference.

27.

This Defendant admits that Defendant Cherokee Insurance Company provided a policy of liability insurance to this Defendant.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant admits that Cherokee Insurance Company provided a policy of liability insurance to this Defendant.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant can neither admit nor deny the allegations contained in Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

## COUNT V – DAMAGES

31.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 30 of Plaintiff's Complaint as if those responses were set forth herein by reference.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT VI – PUNITIVE DAMAGES

36.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 35 of Plaintiff's Complaint as if those responses were set forth herein by reference.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's

Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested within the

"Wherefore" paragraph of Plaintiff's Complaint.

## THIRTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not

previously responded to.

WHEREFORE, having fully answered, Defendant HORTON TRANSPORTATION LLC

prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 7th day of June, 2021.

                                        CRUSER, MITCHELL, NOVITZ,
                                        SANCHEZ, GASTON & ZIMET, LLP


                                        **JASON G. WYRICK**
                                        Georgia Bar No. 143112
                                        **ROBERT F. NOENS**
Meridian II, Suite 2000                 Georgia Bar No. 193846
275 Scientific Drive                    **J. ROBB CRUSER**
Peachtree Corners, GA  30092            Georgia Bar No. 199480
(404) 881-2622                          *Attorneys for Defendants*
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
rnoens@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LINDON WILSON,** | § |
| | § |
| **Plaintiff,** | § |
| | § **CIVIL ACTION** |
| **vs.** | § |
| | § **FILE NO.: STSV2021000749** |
| **HORTON TRANSPORTATION LLC,** | § |
| **CHEROKEE INSURANCE COMPANY,** | § |
| and **TYLER YOTHER,** | § |
| | § |
| **Defendants.** | § |
| | § |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT HORTON TRANSPORTATION LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Adam P. Smith, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA 30326
*Attorneys for Plaintiff*

Mitchell E. McGough, Esq.
Mitchell E. McGough Law, LLC
945 E. Paces Ferry Rd. Suite 2250
Atlanta, GA 30326
*Attorney for Plaintiff*

This 7th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/297/00082/PLEADING/03092451.DOCX }

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL

JUN 07, 2021 05:23 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Co
Henry County, Geor

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LINDON WILSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO.: STSV2021000749** |
| **HORTON TRANSPORTATION LLC,** | § | |
| **CHEROKEE INSURANCE COMPANY,** | § | |
| **and TYLER YOTHER,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **CHEROKEE INSURANCE COMPANY**, a Defendant ("Defendant")

in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's

Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim

upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from

this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged

to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in

any sum or manner whatsoever.

{Firm/297/00082/PLEADING/03092124.DOCX }

## FOURTH DEFENSE

Pending further investigation and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, apportionment, assumption of the risk and avoidance of the consequences.

## FIFTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

## SIXTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A.§ 9-11-9(g).

## SEVENTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## EIGHTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## NINTH DEFENSE

There is no clear and convincing evidence that either Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## TENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a negligent hiring claim upon which relief can be granted because Tyler Yother was not an employee of Horton Transportation LLC. *See New Star Realty, Inc. v. Jungang PRI USA, LLC*, 346 Ga. App. 548, 816 S.E.2d 501 (2018), *citing Finley v. Lehman*, 218 Ga. App. 789, 463 S.E.2d 709 (1995); *see also* O.C.G.A. §§ 34-7-20, 51-2-5.

## TWELFTH DEFENSE

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

This Defendant can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained in Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

**BACKGROUND**

7.

This Defendant can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

## <u>COUNT I – NEGLIGENCE</u>

13.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 12 of Plaintiff's Complaint as if those responses were set forth herein by reference.

14.

This Defendant can neither admit nor deny the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## COUNT II – IMPUTED LIABILITY

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

This Defendant can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

20.

This Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set forth herein by reference.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

## COUNT IV – DIRECT ACTION

26.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 25 of Plaintiff's Complaint as if those responses were set forth herein by reference.

27.

This Defendant admits that it provided a policy of liability insurance to Horton Transportation LLC.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant admits that it provided a policy of liability insurance to Horton Transportation LLC.  This Defendant can neither admit nor deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant can neither admit nor deny the allegations contained in Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

## COUNT V – DAMAGES

31.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 30 of Plaintiff's Complaint as if those responses were set forth herein by reference.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

**COUNT VI – PUNITIVE DAMAGES**

36.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 35 of Plaintiff's Complaint as if those responses were set forth herein by reference.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested within the "Wherefore" paragraph of Plaintiff's Complaint.

## THIRTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant CHEROKEE INSURANCE COMPANY prays that it be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 7th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
rnoens@cmlawfirm.com
rcruser@cmlawfirm.com

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

LINDON WILSON,                          §
                                        §
        Plaintiff,                      §
                                        §        CIVIL ACTION
vs.                                     §
                                        §        FILE NO.: STSV2021000749
HORTON TRANSPORTATION LLC,              §
CHEROKEE INSURANCE COMPANY,             §
and TYLER YOTHER,                       §
                                        §
        Defendants.                     §

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing
**DEFENDANT CHEROKEE INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court
using the PeachCourt system which will send e-mail notification of such filing to the following
counsel of record:

Michael L. Goldberg, Esq.              Mitchell E. McGough, Esq.
Eric J.D. Rogers, Esq.                 Mitchell E. McGough Law, LLC
Adam P. Smith, Esq.                    945 E. Paces Ferry Rd. Suite 2250
Fried Goldberg LLC                     Atlanta, GA  30326
Three Alliance Center, Suite 1500      *Attorney for Plaintiff*
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiff*

This 7th day of June, 2021.

                                       CRUSER, MITCHELL, NOVITZ,
                                       SANCHEZ, GASTON & ZIMET, LLP


                                       **JASON G. WYRICK**
                                       Georgia Bar No. 143112
                                       **ROBERT F. NOENS**
                                       Georgia Bar No. 193846
                                       **J. ROBB CRUSER**
Meridian II, Suite 2000                Georgia Bar No. 199480
275 Scientific Drive                   *Attorneys for Defendants*
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
JUN 08, 2021 05:15 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA

LINDON WILSON,                          §
                                        §
        Plaintiff,                      §
                                        §   CIVIL ACTION
vs.                                     §
                                        §   FILE NO.: STSV2021000749
HORTON TRANSPORTATION LLC,              §
CHEROKEE INSURANCE COMPANY,             §
and TYLER YOTHER,                       §
                                        §
        Defendants.                     §
                                        §

## DEFENDANT TYLER YOTHER'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **TYLER YOTHER**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

{Firm/297/00082/PLEADING/03094615.DOCX }

### FOURTH DEFENSE

Pending further investigation and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, apportionment, assumption of the risk and avoidance of the consequences.

### FIFTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defense of improper venue.

### SIXTH DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

### EIGHTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

### NINTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the applicable statute of limitations, Plaintiff's claims are time barred.

### TENTH DEFENSE

Plaintiff's Complaint is barred due to laches.

### ELEVENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## THIRTEENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## FOURTEENTH DEFENSE

There is no clear and convincing evidence that either Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## SIXTEENTH DEFENSE

As a Sixteenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

This Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant admits that he is a citizen and resident of the State of Tennessee.  This Defendant denies the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.

**BACKGROUND**

7.

This Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

This Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

## COUNT I – NEGLIGENCE

13.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 12 of Plaintiff's Complaint as if those responses were set forth herein by reference.

14.

This Defendant can neither admit nor deny the allegations contained in Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

## COUNT II – IMPUTED LIABILITY

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set forth herein by reference.

18.

This Defendant admits the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant admits the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant can neither admit nor deny the allegations contained in Paragraph 20 of

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

This Defendant hereby reasserts and incorporates by reference the responses made

previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set

forth herein by reference.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's

Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's

Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's

Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's

Complaint.

## COUNT IV – DIRECT ACTION

26.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 25 of Plaintiff's Complaint as if those responses were set forth herein by reference.

27.

This Defendant can neither admit nor deny the allegations contained in Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

This Defendant can neither admit nor deny the allegations contained in Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

This Defendant can neither admit nor deny the allegations contained in Paragraph 29 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

## COUNT V – DAMAGES

### 31.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 30 of Plaintiff's Complaint as if those responses were set forth herein by reference.

### 32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

### 33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

### 34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

### 35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT VI – PUNITIVE DAMAGES

### 36.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 35 of Plaintiff's Complaint as if those responses were set forth herein by reference.

37.

This Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies that Plaintiff is entitled to the relief requested within the "Wherefore" paragraph of Plaintiff's Complaint.

**SEVENTEENTH DEFENSE**

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant TYLER YOTHER prays that he be discharged without costs.

**A TRIAL BY JURY OF TWELVE IS DEMANDED.**

This 8th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
rnoens@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LINDON WILSON,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>**HORTON TRANSPORTATION LLC,** §<br>**CHEROKEE INSURANCE COMPANY,** §<br>and **TYLER YOTHER,** §<br>§<br>**Defendants.** §<br>§ | **CIVIL ACTION**<br><br>**FILE NO.: STSV2021000749** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT TYLER YOTHER'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the PeachCourt system which will send e-mail notification of such filing to the following counsel of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Adam P. Smith, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA 30326
*Attorneys for Plaintiff*

Mitchell E. McGough, Esq.
Mitchell E. McGough Law, LLC
945 E. Paces Ferry Rd. Suite 2250
Atlanta, GA 30326
*Attorney for Plaintiff*

This 8th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/297/00082/PLEADING/03094615.DOCX }

⌖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
VAL
JUN 08, 2021 05:15 PM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **LINDON WILSON,** | § |
| | § |
| **Plaintiff,** | § |
| | § **CIVIL ACTION** |
| **vs.** | § |
| | § **FILE NO.: STSV2021000749** |
| **HORTON TRANSPORTATION LLC,** | § |
| **CHEROKEE INSURANCE COMPANY,** | § |
| **and TYLER YOTHER,** | § |
| | § |
| **Defendants.** | § |
| | § |

### DEFENDANTS HORTON TRANSPORTATION LLC, CHEROKEE INSURANCE COMPANY AND PURPORTED DEFENDANT TYLER YOTHER'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **HORTON TRANSPORTATION LLC**, a Defendant in the above-styled civil action, **CHEROKEE INSURANCE COMPANY**, a Defendant in the above-styled civil action, and **TYLER YOTHER**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

This 8th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
rnoens@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LINDON WILSON, § | |
| § | |
| Plaintiff, § | CIVIL ACTION |
| § | |
| vs. § | FILE NO.: STSV2021000749 |
| § | |
| HORTON TRANSPORTATION LLC, § | |
| CHEROKEE INSURANCE COMPANY, § | |
| and TYLER YOTHER, § | |
| § | |
| Defendants. § | |
| § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS HORTON TRANSPORTATION LLC, CHEROKEE INSURANCE COMPANY AND PURPORTED DEFENDANT TYLER YOTHER'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system, which will send e-mail notification of such filing to the following counsel of record:

Michael L. Goldberg, Esq.
Eric J.D. Rogers, Esq.
Adam P. Smith, Esq.
Fried Goldberg LLC
Three Alliance Center, Suite 1500
3550 Lenox Road, N.E.
Atlanta, GA 30326
*Attorneys for Plaintiff*

Mitchell E. McGough, Esq.
Mitchell E. McGough Law, LLC
945 E. Paces Ferry Rd. Suite 2250
Atlanta, GA 30326
*Attorney for Plaintiff*

This 8th day of June, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/297/00082/PLEADING/03094628.DOCX }          3

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2021000749**
**VAL**

**JUN 09, 2021 10:55 AM**

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

LINDON WILSON,                          §
                                        §
        Plaintiff,                      §
                                        §        **CIVIL ACTION**
vs.                                     §
                                        §        **FILE NO.: STSV2021000749**
HORTON TRANSPORTATION LLC,              §
CHEROKEE INSURANCE COMPANY,             §
and TYLER YOTHER,                       §
                                        §
        Defendants.                     §
                                        §

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1.  DEFENDANT HORTON TRANSPORTATION LLC'S RESPONSES AND
    OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
    DEFENDANTS;
2.  DEFENDANT CHEROKEE INSURANCE COMPANY'S RESPONSES AND
    OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
    DEFENDANTS; and
3.  PURPORTED DEFENDANT TYLER YOTHER'S RESPONSES AND
    OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO
    DEFENDANTS

by depositing a true and correct copy of the foregoing in the U.S. Mail, proper postage prepaid,

to:

Michael L. Goldberg, Esq.                   Mitchell E. McGough, Esq.
Eric J.D. Rogers, Esq.                      Mitchell E. McGough Law, LLC
Adam P. Smith, Esq.                         945 E. Paces Ferry Rd. Suite 2250
Fried Goldberg LLC                          Atlanta, GA  30326
Three Alliance Center, Suite 1500           *Attorney for Plaintiff*
3550 Lenox Road, N.E.
Atlanta, GA  30326
*Attorneys for Plaintiff*

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1(a), Filing of

Discovery Materials, the undersigned is responsible for service of the above document and

acknowledges that he/she is in possession of the original of the foregoing and the custodian

thereof, the same to be held in accordance with the foregoing statute.

This 9th day of June, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**ROBERT F. NOENS**
Georgia Bar No. 193846
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
rnoens@cmlawfirm.com
rcruser@cmlawfirm.com